IN RE MDH

(comment: 1)

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-112-CV

IN THE MATTER OF M.D.H. 

------------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

------------

OPINION ON DENIAL OF APPELLANT’S SECOND 

MOTION FOR REHEARING

------------

We deny Appellant’s second motion for rehearing, but write to address the dissent’s statement that it does not appear that M.D.H. intended to stipulate to the evidence that she attempted to strike the officer or that the trial court considered the striking evidence in adjudicating M.D.H. delinquent.  As detailed in our February 26, 2004 memorandum opinion on rehearing, the trial court initially admonished M.D.H. when she signed her stipulation, “I need you to listen very carefully to what they say, because when they’re finished, I’m going to ask you if everything they said was true, because that’s the only evidence that I’ll be able to consider today.” 

When M.D.H.’s counsel objected to testimony that M.D.H. attempted to strike a police officer, he made two points:  1) that the first paragraph of the State’s petition charging M.D.H. with misdemeanor assault on a family member was dropped; and 2) that M.D.H. could not stipulate to evidence that she attempted to strike the police officer.  The court first reassured the parties that it would consider the evidence only with regard to the resisting arrest charge in the second paragraph of the State’s petition and then asked M.D.H. if she could agree that all of the evidence put forth by the State was true.  M.D.H. responded, “I did not try to hit the officer.  When he told me I was under arrest, because I had reacted in self-defense after my sister had attacked me and drawn blood, I did something to stop it.”  The trial court once again admonished M.D.H. that her stipulation would encompass 
all
 of the State’s evidence, explaining:

THE COURT:  [M.D.H.], let me tell you, I understand you’re trying to tell me your side of the story, but if we’re going to stipulate to the evidence today, then the only evidence that I can consider is what the District Attorney has just told me.  That’s what I need to consider is what those witnesses would say is what happened from their perspective, 
and that’s the evidence that I can consider in finding whether or not you broke the law
.  Do you understand that?  [Emphasis added.]

[APPELLANT]:  Yes, ma’am.  

THE COURT:  And is that how you want to proceed today?

[APPELLANT’S ATTORNEY]:  Can I have just a minute, Your Honor?

THE COURT:  You may.  

(Off-the-record discussion here.)

THE COURT:  All right. Is that how you want to proceed today, with me considering what the D.A.’s evidence is?

[APPELLANT]:  Yes, ma’am.

The trial court’s own statements on the record, as well as Appellant’s, indicate that M.D.H. stipulated to all of the evidence and the trial court considered all of the evidence in adjudicating M.D.H. delinquent.  

DIXON W. HOLMAN

JUSTICE

PANEL F: HOLMAN, GARDNER, and WALKER, JJ.

WALKER, J. filed a dissenting opinion.

DELIVERED:  July 1, 2004

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-112-CV

IN THE MATTER OF M.D.H. 

------------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

------------

DISSENTING OPINION TO DENIAL OF APPELLANT’S 

SECOND MOTION FOR REHEARING

------------

I respectfully dissent to the majority’s denial of M.D.H.’s second motion for rehearing.  Paragraph two of the State’s petition alleged that M.D.H. committed the offense of resisting arrest by using force against a peace officer, “to wit:  pulling away from him.”  Prior to the adjudication hearing, M.D.H. stipulated to the State’s evidence on the resisting arrest charge.  During the adjudication hearing, the State produced evidence that M.D.H. not only pulled away from the officer, but also that she attempted to strike the officer with her hand as he attempted to effectuate the arrest.  M.D.H.’s attorney immediately advised the juvenile court that M.D.H. did not intend to stipulate to the striking allegation:

[S]he did not attempt to strike anybody.  She attempted to pull away, and that’s what I indicated earlier that it was agreed and stipulated testimony that she pulled away from the police officer, but not that she attempted to strike the police officer.

In response, the court advised M.D.H. that it would “consider the evidence only as it relate[d] to the second paragraph, the evading [sic] arrest offense.”  In addition, at the close of the adjudication hearing, the juvenile court stated, “I will find then 
based on that stipulated evidence that you have engaged in delinquent conduct as alleged in paragraph two of the State’s petition.”  
[Emphasis added.]

Although the record in this case is somewhat unclear, it does not appear that M.D.H. intended to stipulate to the evidence that she attempted to strike the officer, nor does it appear that the trial court considered the striking evidence in adjudicating M.D.H. delinquent.  Because the trial court adjudicated M.D.H. delinquent for resisting arrest based solely upon the evidence that she pulled away from the police officer, this court must necessarily consider whether pulling away, standing alone, is legally and factually sufficient to constitute the offense of resisting arrest.  Accordingly, I would grant M.D.H.’s second motion for rehearing and address this issue.

SUE WALKER

JUSTICE

DELIVERED:  July 1, 2004

COMMENTS AND ANNOTATIONS
Comment 1:
majority by DWH, dissent by SW